GUNTER WEISSMANN (In Pro Per)
13957 Hazel Drive
Lytle Creek, CA  92358
Phone: (909) 880-1000
Fax:     (909) 697-2221
E-mail: weissmann.gunter@gmail.com

MARGOT ALVIDREZ (in Pro Per)
7425 Tamarind Ave
Fontana, CA 92336
Phone: (909) 822-6328
E-mail: creativemenus@yahoo.com

Plaintiffs In Pro Per

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUNTER WEISSMANN, an individual, and MARGOT ALVIDREZ, an individual,<br><br>            Plaintiffs<br><br>    vs.<br><br>DANIELS, NORELLI, SCULLY & CECERE P.C., and DOES 1 through 10,<br><br>            Defendants. | Case No.:<br><br>COMPLAINT   ED CV 12 01977 VAP(DTBx)<br><br>**JURY TRIAL DEMANDED** |

## SUMMARY OF COMPLAINT

1.     Plaintiffs, Gunter Weissmann and Margot Alvidrez, herby sue Defendants, Daniels, Norelli Scully & Cecere P.C., and DOES 1 through 10 and allege:

### INTRODUCTION

2.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt

- 1 -
Complaint
Weissmann, Alvidrez vs. Daniels, Norelli Scully & Cecere P.C., and DOES 1 through 10

Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

4. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unwanted telephone solicitation (without express consent) by telemarketers and thus Congress wrote the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), to regulate telemarketers, restrictions on the use of Automated Telephone Equipment, and unwanted telephone solicitation (without express consent) to home telephones and cellular telephones. The TCPA is a Federal Law that was consigned to states where private actions brought by consumers be dealt with at the state court level. Recently, the U.S. Supreme Court, in a unanimously January 18th, 2012 opinion in *Mims v. Arrow Financial Service, LLC*, No.10-1195, resolving a major split among the various U.S. Circuit Courts of Appeal, has definitively ruled that private actions brought by consumers seeking redress for violations of the TCPA maybe brought forth in Federal District Court as well as state courts.

////

////

**Preliminary Statement**

5. This is an action for damages brought for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(A)(B), the Rosenthal Act § 1788.11(c)(d)(e) and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 d,(5), §1692f(5), § 1692 g.

6. This is an action for damages which do not exceed $10,000.

**Jurisdiction**

7. The jurisdiction of this Court is conferred by 15 U.S.C § 1681p, 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d).

8. The Defendant, Daniels, Norelli Scully & Cecere P.C., is a New York Corporation and conducts business in the state of California, and therefore, jurisdiction is established.

**Venue**

9. Venue is proper pursuant to 15 U.S.C. § 1681 b, and 28 U.S.C. § 1391 b.

10. Venue in this District is proper in that the Plaintiffs reside here, the Defendants transact business here, and the conduct complained of occurred here.

**Parties**

11. Plaintiff, Gunter Weissmann, resides at 13957 Hazel Drive, Lytle Creek, CA 92358.

12. Plaintiff, Margot Alvidrez, resides at 7425 Tamarind Ave, Fontana, CA 92336.

13. Defendant, Daniels, Norelli, Scully & Cecere P.C. is a foreign corporation and conducts business in the state of California from their Long Island Office at 1 Old Country Road, Suite LL%, Carle Place, NY 11514.

**Statement of Facts**

14. Plaintiffs and Defendants have no business relationship.

15. On October 10, 2012 Daniels, Norelli, Scully & Cecere P.C. placed an electronically

dialed collection call to Plaintiff at his, Gunter Weissmann's, cellular telephone number and left an artificial voice message as defined in TCPA 47 U.S.C. § 227 et seq.

16. Defendant Daniels, Norelli, Scully & Cecere P.C.' actions of calling on Plaintiff's Cellular telephone at inconvenient times or places is a violation of FDCPA 15 U.S.C. § 1692f(5) because the consumer was not able to determine the "true purpose" of the call before incurring the cell phone usage fees.

17. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

18. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

19. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

20. Defendant Daniels, Norelli, Scully & Cecere P.C. failed to provide Plaintiffs required written notice of the debt within 5 days of "initial communication" as defined in 15 U.S.C. § 1692g(a) thus violating 15 U.S.C. § 1692g(a).

21. On October 10, 2012 Daniels, Norelli, Scully & Cecere P.C. placed a 2nd electronically dialed collection call to Plaintiff at his, Gunter Weissmann's, cellular telephone number and left an artificial voice message as defined in TCPA 47 U.S.C. § 227 et seq.

22. Defendant Daniels, Norelli, Scully & Cecere P.C.' actions of calling on Plaintiff's Cellular telephone at inconvenient times or places is a violation of FDCPA 15 U.S.C. § 1692f(5) because the consumer was not able to determine the "true purpose" of the call before incurring the cell phone usage fees.

23. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

24. On October 10, 2012 Daniels, Norelli, Scully & Cecere P.C. placed a 3rd electronically dialed collection call to Plaintiff at his, Gunter Weissmann's, cellular telephone number and left an artificial voice message as defined in TCPA 47 U.S.C. § 227 et seq.

25. Defendant Daniels, Norelli, Scully & Cecere P.C.' actions of calling on Plaintiff's Cellular telephone at inconvenient times or places is a violation of FDCPA 15 U.S.C. § 1692f(5) because the consumer was not able to determine the "true purpose" of the call before incurring the cell phone usage fees.

26. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

27. On October 11, 2012 Daniels, Norelli, Scully & Cecere P.C. placed an electronically dialed collection call to Plaintiff at his, Gunter Weissmann's, cellular telephone number and left an artificial voice message as defined in TCPA 47 U.S.C. § 227 et seq.

28. Defendant Daniels, Norelli, Scully & Cecere P.C.' actions of calling on Plaintiff's Cellular telephone at inconvenient times or places is a violation of FDCPA 15 U.S.C. § 1692f(5) because the consumer was not able to determine the "true purpose" of the call before incurring the cell phone usage fees.

29. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

30. On October 11, 2012 Daniels, Norelli, Scully & Cecere P.C. placed a 2nd electronically dialed collection call to Plaintiff at his, Gunter Weissmann's, cellular telephone number and left an artificial voice message as defined in TCPA 47 U.S.C. § 227 et seq.

31. Defendant Daniels, Norelli, Scully & Cecere P.C.' actions of calling on Plaintiff's Cellular telephone at inconvenient times or places is a violation of FDCPA 15 U.S.C. § 1692f(5) because the consumer was not able to determine the "true purpose" of the call before incurring the cell phone usage fees.

32. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

33. On October 12th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Gunter Weissmann, at his home telephone number and left an artificial or

1 | prerecorded voice message as defined in TCPA 47 U.S.C. § 227 et seq.

34. On October 16, 2012 Daniels, Norelli, Scully & Cecere P.C. placed an electronically dialed collection call to Plaintiff at his, Gunter Weissmann's, cellular telephone number and left an artificial voice message as defined in TCPA 47 U.S.C. § 227 et seq.

35. Defendant Daniels, Norelli, Scully & Cecere P.C.' actions of calling on Plaintiff's Cellular telephone at inconvenient times or places is a violation of FDCPA 15 U.S.C. § 1692f(5) because the consumer was not able to determine the "true purpose" of the call before incurring the cell phone usage fees.

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37. On October 10th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Margot Alvidrez, at her home telephone number and left an artificial or prerecorded voice message as defined in TCPA 47 U.S.C. § 227 et seq.

38. On October 10th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Margot Alvidrez, at her home telephone number and left an artificial or prerecorded voice message as defined in TCPA 47 U.S.C. § 227 et seq.

39. On October 11th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Margot Alvidrez, at her home telephone number and left an artificial or prerecorded voice message as defined in TCPA 47 U.S.C. § 227 et seq.

40. On October 11th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Margot Alvidrez, at her home telephone number as defined in TCPA 47 U.S.C. § 227 et seq.

41. On October 11th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Margot Alvidrez, at her home telephone number as defined in TCPA 47 U.S.C. § 227 et seq.

42. On October 15th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Margot Alvidrez, at her home telephone number and left an artificial or prerecorded voice message as defined in TCPA 47 U.S.C. § 227 et seq.

43. On October 15th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Margot Alvidrez, at her home telephone number as defined in TCPA 47 U.S.C. § 227 et seq.

44. On October 16th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Margot Alvidrez, at her home telephone number and left an artificial or prerecorded voice message as defined in TCPA 47 U.S.C. § 227 et seq.

45. On October 16th, 2012 Defendant Daniels, Norelli, Scully & Cecere P.C., placed a collection call to Plaintiff, Margot Alvidrez, at her home telephone number as defined in TCPA 47 U.S.C. § 227 et seq.

46. No less than 17 collection calls were placed from the 10th of October, 2012 thru the 16th of October, 2012 by the Defendants with some multiple calls placed on the same day with the intent to harass, oppress, or abuse the Plaintiffs in violation of 15 U.S.C. § 1692d and 15 U.S.C. § 1692f.

47. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.11(d)(c), this conduct or omission violated Cal. Civ. Code § 1788.11(d)(c).

## Count 1

### AS TO ALL NAMED DEFENDANTS
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. § 1692 ET SEQ.

48. Plaintiffs repeat, re-alleges, and incorporates by reference, all other paragraphs.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above- cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

50. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## Count 2

### AS TO ALL NAMED DEFENDANTS

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE § 1788-1788.32

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

53. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs, if any, pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## Count 3

### AS TO NAMED DEFENDANT CENTRAL PORTFOLIO CONTROL, INC.

### TELEPHONE COMMUNICATIONS ACT 47 U.S.C. § 227 ET SEQ.

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service.

56. The Plaintiff has never given the Defendant permission to call Plaintiff's cell phone. Plaintiff is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

57. Plaintiff and Defendant do not have an established business relationship within the meaning of 47 U.S.C. § 227.

////

////

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs demand that judgment be entered against each Defendant, jointly and severally, and Plaintiffs be awarded damages from each Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, if any, pursuant to Cal. Civ. Code § 1788.30(c).
- An award of statutory damages of $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a jury trial on all issues so triable as a matter of law.

DATED: November 11, 2012

_____
Gunter Weissmann
In Pro Per


_____
Margot Alvidrez
In Pro Per

- 9 -
Complaint
Weissmann, Alvidrez vs. Daniels, Norelli Scully & Cecere P.C., and DOES 1 through 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**EDCV12- 1977 VAP (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
GUNTER WEISSMANN, an individual, and
MARGOT ALVIDREZ, an individual,

**DEFENDANTS**
DANIELS, NORELLI, SCULLY & CECERE P.C., and DOES 1 through 10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
GUNTER WEISSMANN. 13957 Hazel Drive, Lytle Creek, CA 92358
Phone: 909 880 1000 Fax: 909 697 2221
MARGOT ALVIDREZ, 7425 Tamarind Ave, Fontana, CA 92336, 909 822 6328

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ 10,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of 15 U.S.C. §1692 et seq., California Civil Code § 1788-1788.32 (Rosenthal Act), TCPA 47 U.S.C. § 227 et seq

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| | ☐ 290 All Other Real Property | | | | |

ED CV 12 - 01977 VAP (DTBx)

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

NOV 13 2012

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nassau County, NY |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SAN BERNARDINO | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 11/11/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

GUNTER WEISSMANN,
13957 Hazel Drive, Lytle Creek, CA 92358
Phone: 909 880 1000 Fax: 909 697 2221
MARGOT ALVIDREZ,
7425 Tamarind Ave, Fontana, CA 92336,
Phone: 909 822 6328

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| GUNTER WEISSMANN, an individual, and MARGOT ALVIDREZ, an individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | ED CV 12 - 01977 VAP (DTBx) |
| Daniels Norelli, Scully & Cecere P.C.; DOES 1 through 10, | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __WEISSMANN; ALVIDREZ__, whose address is __P.O. Box 209, Lytle Creek, CA 92358__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI
Clerk, U.S. District Court

Dated: __NOV 13 2012__    By: _____
                          Deputy Clerk

                          (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS